# United States District Court

NORTHERN DISTRICT OF GEORGIA

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 17 2005

LUTHER D. THOMAS, Clerk
By: Andrea Sholtz
Deputy Clerk

ORIGINAL

UNITED STATES OF AMERICA
v.

STEVEN KEARNS

CRIMINAL COMPLAINT

CASE NUMBER: 1:05-MJ-325

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about March 16, 2005, in Cobb County, in the Northern District of Georgia defendant(s),

previously having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a Glock model 23 handgun and .40 caliber Federal hollow point ammunition, said possession being in and affecting commerce, in violation of Title 18 United State Code, Section 922(g);

I further state that I am a(n) Special Agent of the Secret Service and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.    (X) Yes    ( ) No

Signature of Complainant
DEAN GLORE

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

March 17, 2005                                   at    Atlanta, Georgia
Date                                                    City and State

Alan J. Baverman
United States Magistrate Judge
Name and Title of Judicial Officer              Signature of Judicial Officer

AUSA Aaron M. Danzig

<u>AFFIDAVIT</u>

1. I, Dean Glore, a Special Agent with the United States Secret Service, being duly sworn, depose, and state the following:

<u>INTRODUCTION</u>

2. I am employed as a Special Agent of the United States Secret Service, and have been so employed since March 10, 2003. I am currently assigned to the Atlanta Field Office.

3. I am a graduate of the Federal Law Enforcement Training Center located in Glynco, Georgia, and a licensed Certified Public Accountant in the State of Georgia. I also hold a Masters of Business Administration from Kennesaw State University, located in Kennesaw, Georgia.

4. As a result of my training and experience at the Federal Law Enforcement Training Center, and James J. Rowley United States Secret Service Academy, I am familiar with a wide variety of federal criminal laws, including those related to firearms, and know that it is a violation of Tile 18, USC Section 922(g)(1) for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition in or affecting commerce or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

5. This affidavit is based on my investigation and includes my discussions with other agents and review of government records. This affidavit is intended to support probable cause but it is not intended to convey all the facts of the entire investigation.

6. On January 25, 2005, affiant interviewed DeeAnn Belokur and she stated to affiant she met STEVEN KEARNS through some real estate deals and she observed on one occasion, in or around February 2004, KEARNS wearing on his person a holster with a handgun contained in it.

7. On March 16, 2005, affiant executed a search warrant at the residence of STEVEN KEARNS, 234 Lindsey Place, Marietta, GA 30067 and KEARNS stated to affiant he would cooperate while aforementioned search warrant was executed. KEARNS was advised by affiant of his Miranda rights using Secret Service Form 1737B (Warning and Consent to Speak). KEARNS signed the form stating that he understood his rights and stated that he wished to speak to the affiant. For officer safety and the safety of all people in the house, affiant

asked KEARNS if there was a gun in the house. KEARNS told affiant there was a handgun located on the premises of 234 Lindsey Place, Marietta, GA 30067. KEARNS showed affiant where the handgun was located by pointing to a black bag in the garage at the residence.

8. Affiant discovered a Glock model 23, serial number FSB273, in a black plastic Glock handgun case in the area indicated by KEARNS. When the handgun case was opened, no magazines were visible or contained in the handgun case. KEARNS stated that the handgun was purchased by an unknown female named Linda LNU but provided no explanation as to why he retained possession of the handgun.

9. When questioned concerning the lack of magazines for the handgun, KEARNS told affiant that a magazine was contained in a jacket located in a closet in the master bedroom. KEARNS described to USSS agents the jacket as a blue jean denim style with team sports patches and the magazine was in the coat pocket. A USSS agent located the jacket with a magazine in the inside right hand pocket. The jacket was displayed to KEARNS and KEARNS identified the jacket as his and pointed to the pocket that contained the magazine. A USSS agent advised KEARNS that the handgun came with two magazines and that one magazine was still missing. KEARNS stated the second magazine was located in a similar denim jacket as described above, but the sports team patches were black and white. Based on KEARNS description of this jacket, USSS agents located the second denim jacket, which also contained a magazine in the inside right hand pocket. A USSS agent displayed the second jacket to KEARNS, and KEARNS identified the jacket as previously described above as his property. Each magazine contained 10 rounds of .40 Caliber Federal hollow point ammunition.

10. When affiant questioned Laniece Limperis Kearns, wife of STEVEN KEARNS, she stated that she did not allow weapons in the house. Mrs. Kearns stated that the only handgun she knew her husband, STEVEN KEARNS, possessed, was a "little black one," indicating the handgun previously taken into custody by USSS agents as described above in paragraph 8. Mrs. Kearns told affiant that KEARNS admitted to her that he purchased the handgun at a pawn shop located in the Marietta area.

11. On March 17, 2005, affiant conferred with an ATF Firearms Interstate Nexus Expert, Special Agent Wade Torp, on interstate nexus of firearms regarding the Glock model 23 handgun described in paragraph 8. Affiant received a verbal opinion as to the interstate nexus of the firearm from SA

Torp. SA Torp provided the opinion that the Glock model 23 handgun is a firearm as defined by the law and that both the Glock model 23 and the .40 Caliber Federal hollow point ammunition were manufactured outside of the State of Georgia. Therefore, having been found in the State of Georgia, the above-listed firearm and ammunition traveled in and/or affected interstate commerce.

12. On March 16, 2005, a USSS agent reviewed KEARNS' criminal history through NCIC and contacted the Illinois Department of Corrections regarding KEARNS' criminal history. KEARNS has a felony conviction for Manufacture, Delivery of a controlled substance, McHenry County, Illinois, case number 94-CF-1053. Defendant was convicted on 11/25/96. Additionally, KEARNS acknowledged to affiant that he was a convicted felon.

13. Therefore, for the reasons stated above affiant believes there is probable cause that STEVEN KEARNS committed the offense of Possession of a Firearm by a Convicted Felon, in violation of Title 18, USC Section 922(g)(1) in the Northern District of Georgia.